IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 17-cv-00462-LTB-STV

JOHN M. MBAKU and LUVIBIDILA JOLIE LUMUENEMO,

        Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

        Defendant.

_____

ORDER
_____

        This matter is before me on a Motion to Dismiss filed by Defendant, Carrington Mortgage Services, LLC ("Carrington"), seeking dismissal of the claims filed against it by Plaintiffs, John M. Mbaku and Luvibidila Jolie Lumuenemo, on the basis that they fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [**Doc #5**] Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I GRANT the motion and I DISMISS this case.

## I. BACKGROUND

        In 2008, Taylor, Bean & Whitaker Mortgage Corporation loaned Plaintiffs $166,885 to refinance their condominium located in Denver, Colorado. The loan was evidenced by a promissory note and secured by a deed of trust. The trustee was the Arapahoe County public trustee. Plaintiffs defaulted on the loan.

        Various parties attempted to foreclose on Plaintiff's condominium following their default. In October of 2011, Bank of America was the assignee of the promissory note and deed

of trust. Bank of America attempted to foreclose on Plaintiff's condominium at that time by seeking an order authorizing the sale pursuant to Rule 120 of the Colorado Rules of Civil Procedure, which allows an expedited procedure for a non-judicial foreclosure sale by a public trustee. *See* Colo. Rev. Stat. §38-38-101(1)(providing that once a creditor defaults on a loan, the holder of the promissory note may request that the public trustee sell the property at a foreclosure sale if the deed of trust so authorizes); Colo. R. Civ. P. 120 (in order to effectuate a public trustee sale, the holder of the note must seek an order from the state district court authorizing the sale). The District Court of Arapahoe County held a hearing and authorized the sale in February of 2012 (the "First Rule 120 Order"). One week before the scheduled sale, however, Plaintiffs sued Bank of America in the United States District Court for the District of Colorado advancing numerous federal and state claims including due process and equal protection claims, as well as a claim for violations of the Colorado FDCPA, Colo. Rev. Stat. §§ 12-14-101 to -137, *et seq.* The District Court ultimately concluded that Plaintiffs failed to state a claim for relief, and it dismissed the complaint in three separate orders. *Mbaku v. Bank of America, National Association*, No. 12-CV-00190-PAB-KLM, 2014WL103806, 2014WL3906463, 2014WL4099313 (D. Colo. 2014). Plaintiffs appealed, and the Tenth Circuit affirmed in *Mbaku v. Bank of America, Nat. Association*, 628 F. App'x 968 (10th Cir. 2015)(unpublished).

Bank of America did not foreclose on Plaintiff's condominium on the First Rule 120 Order following the Tenth Circuit ruling. Instead, Defendant Carrington subsequently sought foreclosure of the condominium, as the holder of an evidence of debt, in February of 2016. On August 1, 2016, the District Court of Arapahoe County issued a second order authorizing the

2

public trustee sale of Plaintiffs' condominium pursuant to Colo. Rev. Stat §38-38-101(1) and Rule 120 of the Colorado Rules of Civil Procedure (the Second Rule 120 Order). The condominium was thereafter foreclosed upon and sold to a third party.

Plaintiffs then filed this lawsuit in the United States District Court for the Central District of California (Southern District - Santa Ana). [Doc #4] In their First Amended Complaint, Plaintiffs allege that the condominium was improperly sold in that Carrington "did not have the necessary documents to prove that it was the proper company to pursue collection of any kind against Plaintiffs" and "[u]pon information and belief, [Carrington] utilized a forged endorsement on a promissory note to seek collection against Plaintiffs." [Doc #4 ¶7, 9, & 11]

Plaintiffs bring four claims against Carrington: 1) Violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*; 2) Violations of the California Fair Debt Collection Practices Act, Cal. Civ. Code §1788(2)(h); 3) "As Applied" Violation of the Fourteenth Amendment Due Process Clause; and 4) "Facial Challenge" Violation of the Fourteenth Amendment Due Process Clause. Carrington responded by filing this Motion to Dismiss with the District Court for the Central District of California. [Doc #5] In addition, Carrington filed a Motion to Transfer Case to this court. On February 17, 2017, after both motions were fully briefed, Judge David O. Carter granted the Motion to Transfer, and deferred ruling on the Motion to Dismiss which is now at issue here. [Doc #1]

## II. DEFENDANT'S PENDING MOTION TO DISMISS

In its Motion to Dismiss Carrington contends that Plaintiffs' claims against it should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A claim will survive dismissal under Rule 12(b)(6) if it alleges a plausible claim for

relief; that is, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

Thus, when considering a Rule 12(b)(6) motion a court accepts as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff, as the sufficiency of a complaint is a question of law. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(*citing Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)). A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atl. v. Twombly*, *supra*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(ruling that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. v. Twombly, supra*, 550 U.S. at 555 (citation omitted). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).

### III. FEDERAL & CALIFORNIA FDCPA CLAIMS

Plaintiffs claim that Carrington violated provisions of both the Federal and the California Fair Debt Collection Practices Act (the "Federal FDCPA" and the "California FDCPA") by foreclosing on Plaintiffs' condominium when it knew it lacked sufficient standing to pursue the underlying debt. [See Doc #24] I conclude, however, that Plaintiffs' FDCPA claims, even when the factual allegations as alleged are viewed in their favor, are insufficient to raise a plausible claim for relief.

In the First Claim for Relief in their First Amended Complaint (the "Complaint"), Plaintiffs allege that Carrington violated the Federal FDCPA by:

> a. Falsely stating themselves as the legal owner/holder of the debt which is a mischaracterization of the status of the debt under 15 U.S.C. §1692e(2);
> b. Failed to provide any agreement that authorizes any amount of collection, under 15 U.S.C. §1692f(1);
> c. Upon information and belief, have pursued collection of a debt past the statute of limitations, which is a misrepresentation of the legal status of the debt, under 15 U.S.C. §1692e(2);
> d. False reporting to credit reporting agency as to the ownership of the debt, under 15 U.S.C. §1692e(8);
> e. False reporting to credit reporting agency as to the character of the debt, in failing to report it as a FHA loan, under 15 U.S.C. §1692e(8); and
> f. Otherwise utilizing false and deceptive means to collect a debt, under 15 U.S.C. §1692e(10). [Doc #4 ¶21]

In their Second Claim for Relief, Plaintiffs allege that Carrington violated the California FDCPA as follows:

> a. Attempting to and collecting upon a consumer debt by means of making a false representation that a consumer debt has been sold, assigned, or referred to

5

a debt collector for collection, which is unlawful under Cal. Civ. Code §1788.13(k).

  b. Attempting to and collecting upon a consumer debt by means of communication to Plaintiffs that money is owed to assigned party unless the claim is actually assigned to the collection agency, which no evidence has shown that it is, which is unlawful under Cal. Civ. Code §1788.13(l). [Doc #4 ¶29]

The supporting facts, as alleged by Plaintiffs, are that in February of 2016 Carrington sought foreclosure and sale of Plaintiffs' condominium "backed by a loan purportedly held by Bank of America against Plaintiffs." [Doc #4 ¶6] And, in August of 2016, the condominium "was sold pursuant to [Carrington's] conduct." [Doc #4 ¶7] Carrington's allegedly improper conduct is set forth in the Complaint, in its entirety, as follows:

> 1. [Carrington] did not have the necessary documents to prove that it was the proper company to pursue collection of any kind against Plaintiffs, and upon information and belief, still does not have said documents. [Doc #4 ¶9]
>
> 2. [Carrington had not,] at that point, nor at any point since, shown Plaintiffs evidence that it is the proper party to sue for foreclosure or collection on any loan against Plaintiffs. [Doc #4 ¶10]
>
> 3. Upon information and belief, [Carrington] utilized a forged endorsement on a promissory note to seek collection against Plaintiffs. [Doc #4 ¶11]
>
> 4. [Carrington,] at all points in its collection efforts, has known or had reason to know that it does not have sufficient documentation to demonstrate that it is the proper party to collect against Plaintiffs, that is has legal standing to collect against Plaintiffs, or that it owns any debt upon which it can collect against Plaintiffs. [Doc #4 ¶12]
>
> 5. [Carrington] was aware that pursuing Colorado Rules of Civil Procedure Rule 120 foreclosure would be an effective manner in which to bypass any need for the demonstration and/or presentation of such evidence, as said statutory scheme does not require specific documentary evidence of movant's ownership of the debt. [Doc #4 ¶13]

**A. Estoppel/Issue Preclusion:**

In its motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Carrington first contends that Plaintiffs are estopped from arguing that the underlying promissory note contained a forged or improper endorsement. Carrington correctly asserts that to the extent Plaintiffs maintain that the underlying promissory note contains a forged endorsement, such allegation was decided against then in the prior litigation on the First Rule 120 Order.

The doctrine of collateral estoppel, also known as issue preclusion, attaches when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000). The doctrine precludes a court from reconsidering an issue previously decided in a prior action where:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*B-S Steel Of Kansas, Inc. v. Texas Indus., Inc.*, 439 F.3d 653, 662 (10th Cir. 2006)(*quoting Estate of True v. C.I.R.*, 390 F.3d 1210, 1232 (10th Cir. 2004)).

In the litigation of the First Rule 120 Order, Plaintiffs alleged that Bank of America violated provisions of the of the Colorado FDCPA that prohibit a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, or unfair or unconscionable means to collect or attempt to collect any debt. Colo. Rev. Stat. §§12-14-107(1) & 108(1). *Mbaku v. Bank of America, supra*, 628 F. App'x at 975. The

7

Tenth Circuit upheld the District Court's dismissal of Plaintiffs' Colorado FDCPA claim by ruling that:

> Plaintiffs alleged that Bank of America violated the [Colorado] FDCPA by forging the endorsement on the promissory note. They alleged both that Erla Carter-Shaw, 'whose name appears on Plaintiffs' purportedly endorsed note[,] does not exist' and that she 'was not authorized to endorse Plaintiffs' promissory note.' . . . The district court concluded that Plaintiffs' claim failed because they provided no factual basis for their allegations about the endorsement. We agree.

*Id.* Thus, to the extent that Plaintiffs' FDCPA claims are grounded or based on the allegation that their promissory note was improperly endorsed, such factual allegation is estopped and/or precluded by the previous Tenth Circuit ruling.

**B. Lack of Factual Allegations**

Nonetheless, even when all the factual allegations in Plaintiffs' Complaint are viewed as true and in their favor, including the unsupported allegation that the underlying promissory note contained a forged endorsement, they are insufficient to support a plausible claim for violations under either the California or the Federal FDCPA.

Plaintiffs' factual allegations are conclusory and are insufficient to raise a plausible claim for relief. They assert, without any details or support, that Carrington violated debt collection practices by foreclosing on their condominium, after they defaulted paying on the underlying loan, and Carrington knew (or had reason to know) that it could not sufficiently demonstrate it was the proper party to collect. And, furthermore, that Carrington knew that utilizing Colorado's public trustee foreclosure process would effectively bypass a need to demonstrate its ownership of the debt. These allegations, as in *Mbaku v. Bank of America, supra*, are insufficient to raise a plausible claim that Carrington violated the misrepresentation and anti-fraud provisions of the California and Federal FDCPA. These unsupported allegations are simply not enough, even

8

when assumed to be true, to state a plausible (not merely speculative) claim for relief based on the assertion that Carrington improperly foreclosed on Plaintiffs' condominium when it knew it lacked sufficient standing or documentation to pursue the underlying debt. *See Robbins v. Oklahoma, supra*, 519 F.3d at 1247; *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir.2012)(ruling that "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face).

In so ruling I note that Plaintiffs have made no underlying factual allegations supporting their claim that Carrington has pursued collection past the statute of limitations, and thus misrepresented the legal status of the debt, pursuant to 15 U.S.C. §1692e(2). Plaintiffs likewise allege no facts supporting their claim that Carrington falsely reported the loan to credit agencies or neglected to report it as an FHA loan pursuant to 15 U.S.C. §1692e(8). Lastly, to the extent that Plaintiffs are asserting that Carrington is not a proper successor-in-interest or holder of the promissory note subsequent to Bank of America – by alleging that the foreclosure and sale was "backed by a loan purportedly held by Bank of America against Plaintiffs" [Doc #4 ¶6] – Plaintiffs' Complaint again lacks any facts supporting this unfounded assertion. Therefore, I conclude that Plaintiffs' claims that Carrington violated the California and Federal FDCPA must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## C. California FDCPA Claim

Finally, I note that Carrington argues that Plaintiffs do not have a cognizable claim under the California FDCPA because the foreclosure in this case was on property located in Colorado, via a deed of trust recorded in Colorado, and was authorized by a Colorado state court. *See*

*Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222, 85 Cal. Rptr. 2d 18 (1999)(ruling that "we do not construe a statute as regulating occurrences outside the state unless a contrary intention is clearly expressed or reasonably can be inferred from the language or purpose of the statute"). Carrington also agues that the foreclosure of a deed of trust does not constitute a "debt collection" under California's FDCPA and thus it does not apply here. *See Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010) (ruling that "foreclosure pursuant to a deed of trust does not constitute debt collection" under the California FDCPA)(citations omitted). Finally, Carrington notes that Plaintiffs failed to plead sufficiently relevant and specific facts, as required by Fed. R. Civ. P. 9(b), when they alleged violations of the California FDCPA based on fraud. *See generally Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606 (E.D. Cal. 2009)(indicating that "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements" in the Ninth Circuit). I do not address or reach these arguments, however, based on my ruling that Plaintiffs' Complaint fails to allege sufficient facts to raise a plausible claim for relief – for both the Federal and California FDCPA – under the Fed. R. Civ. P. 12(b)(6) standard.

## IV.  DUE PROCESS

In addition, Plaintiffs' Complaint challenges Colorado's statutory process allowing expedited public trustee foreclosures as unconstitutional on the basis that it violates due process of law. The Fourteenth Amendment's due process clause provides that no State may "deprive any person of life, liberty, or property, without due process of law." Under due process requirements, procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the

state will not deprive a party of property for an arbitrary reason. *Mbaku v. Bank of America, supra*, 628 F. App'x at 972 (*citing Pater v. City of Casper*, 646 F.3d 1290 (10th Cir. 2011)).

**A. Facial Challenge**

I first address Plaintiffs' facial due process challenge. A facial challenge is a head-on attack of a legislative judgment, an assertion that the challenged statute violates the Constitution in all, or virtually all, of its applications. *United States v. Carel*, 668 F.3d 1211, 1218 (10th Cir. 2011)(*citing United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007)). Outside of the First Amendment context, the plaintiff raising a facial challenge must, at the very least, establish that "the invalid applications of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Coal. for Equal Rights, Inc. v. Owens*, 458 F. Supp. 2d 1251, 1258 (D. Colo. 2006), *aff'd sub nom. Coal. for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195 (10th Cir. 2008)(*quoting Washington v. Glucksberg*, 521 U.S. 702, 740, 117 S.Ct. 2302, 138 L.Ed.2d 772 (1997)). Constitutional challenges must overcome the heavy presumption in favor of the constitutionality of state laws, and challengers to a state law bear the burden of proving it unconstitutional beyond a reasonable doubt. *Coal. for Equal Rights v. Owens*, *supra*, 458 F. Supp. 2d at 1258 (citations omitted).

Plaintiffs claim that Colorado's public trustee foreclosure process – provided by Colo. Rev. Stat. § 38-38-101(1) and Colo. R. Civ. P. 120 ("Rule 120"), and which allows a holder of a defaulted promissory note to request that the public trustee sell the property following an order from the state district court authorizing the foreclosure sale – is unconstitutional "on its face." In support of this claim, Plaintiffs argue that it is unconstitutional because "the scheme presents the ability for a company . . . to foreclose on a property, without any requirement to demonstrate its

legal standing or legal ownership of the alleged debt" and "there is an inadequate opportunity to be heard, and the challenge the legal standing and/or identity of the movant." [Doc 34 ¶¶40 & 41]

Plaintiffs previously challenged Colorado's public-foreclosure process when litigating the First Rule 120 Order in *Mbaku v. Bank of America, supra.* In that case the Tenth Circuit set out Colorado's public trustee foreclosure process as follows:

> Foreclosure of a deed of trust by public trustee's sale under the applicable statutes is activated by a power of sale in the deed of trust. The creditor, or owner of the evidence of debt secured by the deed of trust, must obtain an order authorizing the public trustee to conduct the sale. Rule 120 governs the very specialized civil proceeding in which an interested person may file a verified motion in court seeking the order authorizing sale under the power of sale contained in the recorded instrument.
>
> Once a motion is filed, if an interested party, such as the mortgagor, files a response, the court must hold a hearing and determine whether there is a reasonable probability 'of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale.' Colo. R. Civ. P. 120(d). In assessing whether a reasonable probability of default exists, it is incumbent upon the Rule 120 court to consider any evidence the debtors present on the issue of whether a default has occurred. Additionally, if the mortgagor asserts a real party in interest defense – i.e., that the party seeking to sell the property has no legitimate claim to the property at all – the burden should devolve upon the party seeking the order of sale to show that he or she is indeed the real party in interest. Although the grant or denial of the motion is not appealable, see Colo. R. Civ. P. 120(d), parties aggrieved by the Rule 120 court's decision may seek injunctive or other relief in a court of competent jurisdiction.

*Mbaku v. Bank of America, supra*, 628 F. App'x at 972-3 (quotations omitted)(*citing Plymouth Capital Co. v. Dist. Ct.*, 955 P.2d 1014, 1015 (Colo. 1998); *Goodwin v. Dist. Ct.*, 779 P.2d 837, 843 (Colo. 1989)).

Hence, the Tenth Circuit rejected Plaintiffs' argument that the public trustee foreclosure process facially violated the due process clause in that Rule 120 provides a mechanism for a

mortgagor to assert a defense to payment, and derivatively, foreclosure, "if the person seeking enforcement of the instrument does not have rights of a holder in due course and the [mortgagor] proves that the instrument is a lost or stolen instrument." *Mbaku v. Bank of America, supra*, 628 F. App'x at 973 (*citing In re Miller*, 666 F.3d 1255, 1264 (10th Cir. 2012); Colo. Rev. Stat. § 4-3-305(c)). By permitting the mortgagor to dispute the moving party's entitlement to the order authorizing sale, Rule 120 "therefore satisfies Plaintiffs' due process concern." *Mbaku v. Bank of America, supra*, 628 F. App'x at 973 (*citing Goodwin v. Dist. Ct., supra,* 779 P.2d at 843; *Jones v. Flowers*, 547 U.S. 220, 223, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006)(observing that due process requires "notice and opportunity for hearing appropriate to the nature of the case").

Plaintiffs argue, in their response to this motion, that the public trustee foreclosure process is limited and does not allow a plaintiff to "truly challenge the movant's proof of documentation of its alleged ownership" as the "damage is done at the hearing [when] the foreclosure is granted" and "[d]amages after the fact are never guaranteed." [Doc #1-81] Plaintiffs' facial challenge raised here, however, is foreclosed by the same argument raised and ruled on in *Mbaku v. Bank of America, supra*, and, therefore, is precluded as a matter of law.

**B. As Applied Challenge**

Plaintiffs also allege a due process violation as Colorado's public trustee foreclosure process was specifically applied to them. "[A]n as-applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case." *United States v. Carel, supra*, 668 F.3d at 1218 (*quoting United States v. Pruitt, supra*, 502 F.3d at 1171); *see also Raytheon Aircraft Co. v. United States*, 501 F. Supp. 2d 1323, 1328 (D. Kan. 2007)(same).

13

Plaintiffs allege that Carrington's "specific utilization of the statutory scheme [the foreclosure by public trustee process] to collect, without demonstrating any proof of its rightful legal status to foreclose and/or collect, demonstrates the invalidity [of] the statutory scheme as applied to Plaintiffs, who were never shown documentation of [Carrington's] right to foreclose and/or collect." [Doc #4 ¶35] In support of this claim, Plaintiffs assert that Colorado's statutory process "provides for a simplified path to foreclosure, without the specific opportunity for Plaintiffs to put [Carrington] to its proof with respect to its legal ownership of the debt" and:

> In a Rule 120 proceeding there are only two defenses as a debtor, which are 1) the money is not due, or 2) the action is barred under the Service Member Civil Relief Act. There is no ability as a debtor or owner of subject property to defend by way of challenging [Carrington's] right to even collect, from a legal standing or real party in interest standing. [Doc #4 ¶¶35-6]

Plaintiffs aver that "[t]his statutory scheme, as applied to these facts, has deprived Plaintiffs of property without due process of law, as [Carrington] has, without proof of its ownership of the debt, effectuated a sale of the Plaintiffs' property." [Doc #4 ¶37]

This argument does not specify how Colorado's public trustee foreclosure process, which has been deemed facially constitutional, violates due process when it was applied to Plaintiffs' circumstances. Furthermore, Plaintiffs' argument that "[a]s applied to Plaintiffs, [the public trustee foreclosure] provided them with no real ability to challenge Carrington's place as the proper party to sue them" is contrary to the ruling in *Mbaku v. Bank of America, supra*. Plaintiffs' assertion that the ruling does not apply here because in that case the foreclosure process and the First Rule 120 Order was not completed with a sale, while in this case it was, is a distinction without merit. Rather, the ruling in *Mbaku v. Bank of America, supra*, 628 F. App'x at 973 – that Colorado's public trustee foreclosure process satisfies due process in that it permits

14

the mortgagor to dispute the moving party's entitlement to the order authorizing sale – allowed Plaintiffs to do so in this case and, therefore, is directly on point and applicable here. Plaintiffs' due process challenge to Colorado's public trustee foreclosure process, as unconstitutional as applied to them, is likewise precluded as a matter of law.

ACCORDINGLY, I GRANT Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [**Doc #5**] As a result, I DISMISS WITH PREJUDICE the claims in this case filed by Plaintiffs, John M. Mbaku and Luvibidila Jolie Lumuenemo, and I DIRECT the entry of judgment, together with costs, in favor of Defendant Carrington Mortgage Services, LLC.

Dated: May   2  , 2017,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock   
Lewis T. Babcock, Judge